FTB:SMS
F. #2025R00254

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ERWIN BANKOWSKI and
KAROLINA BANKOWSKA,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No.  CR 26 - 0090 (NGG)
(T. 18, U.S.C., §§ 981(a)(1)(C), 1159(a),
1159(b)(1)(A)(i), 1349, 2 and 3551 et
seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

1.  From 2020 through 2025, the defendants ERWIN BANKOWSKI and

KAROLINA BANKOWSKA conspired to consign for auction over 200 counterfeit artworks that

they fraudulently claimed were painted by famous artists, including Andy Warhol, Pablo

Picasso, Banksy, and Native American artist Fritz Scholder.   Through their scheme, the

defendants stole at least $2 million.

RELEVANT INDIVIDUALS AND ENTITIES

2.  The defendant ERWIN BANKOWSKI was a citizen of Poland and a

resident of New Jersey.

3.  The defendant KAROLINA BANKOWSKA was a citizen of Poland and a

resident of New Jersey.

4.  Co-Conspirator #1, an individual whose identity is known to the United

States Attorney, was a citizen of Poland and resided there.

2

5.    Dealer #1, an individual whose identity is known to the United States Attorney, was a resident of North Carolina.   Dealer #1 owned or was associated with numerous art galleries located throughout the United States.   Dealer #1's galleries auctioned art on an online auction platform, an entity the identity of which is known to the United States Attorney.

THE FRAUDULENT SCHEME

6.    Beginning in or around 2020, the defendants ERWIN BANKOWSKI and KAROLINA BANKOWSKA engaged in a scheme to create counterfeit artworks (collectively, the "Counterfeit Works") for consignment to art galleries and auction houses for subsequent auction and sale through online auction platforms to unsuspecting buyers (collectively, the "Buyers").

7.    As part of the scheme, beginning in or around 2021, the defendants ERWIN BANKOWSKI and KAROLINA BANKOWSKA paid Co-Conspirator #1 to create Counterfeit Works in the style of different well-known artists and to forge the signatures of those artists on the Counterfeit Works.   The Counterfeit Works were then shipped from Poland to the defendants in the United States.   The defendants also created some of the Counterfeit Works themselves.

8.    To make some of the Counterfeit Works appear to be legitimate, the defendants generated false histories of prior custody and ownership, also known as provenance. The defendant ERWIN BANKOWSKI researched the lives of the artists that the defendants claimed had created the Counterfeit Works, as well as the names of shuttered art galleries and dissolved corporations that were operating in or around the time that the Counterfeit Works were purportedly created.   The defendants used this information to represent falsely that some of the Counterfeit Works had been in private collections of individuals associated with the artists, had

been owned by since-closed art galleries, or had been in the private collections of corporations that were no longer in operation.   The defendants chose galleries and corporations that were no longer operating to make it difficult for galleries and potential buyers to verify the purported provenance of the Counterfeit Works.

9.    In some instances, to bolster further the purported provenance of the Counterfeit Works, the defendants created and affixed forged stamps from art galleries to some of the Counterfeit Works.   To do so, the defendant KAROLINA BANKWOSKA researched art galleries that were no longer operating—and thus could not be consulted by subsequent buyers— and transmitted images of those art galleries' certificates of authenticity to Co-Conspirator #1 in Poland.   Co-Conspirator #1 then used design software to create forged versions of the certificates of authenticity and transmitted those files from Poland to the defendants in the United States.   Thereafter, the defendant ERWIN BANKWOSKI ordered custom-made stamps of those forged certificates of authenticity.   The defendants also purchased antique books to imprint the custom-made stamps of the forged certificates of authenticity onto aged paper, which were then affixed to the Counterfeit Works.

10.    The defendants ERWIN BANKOWSKI and KAROLINA BANKOWSKA consigned the Counterfeit Works to art galleries and auction houses throughout the United States, which then attempted to auction the Counterfeit Works for sale to buyers for prices of up to $150,000.

11.    For example, in March 2023, the defendants ERWIN BANKOWSKI and KAROLINA BANKOWSKA consigned the Counterfeit Work depicted below that had been purportedly painted by Raimond Staprans ("Counterfeit Work #1") to an art gallery ("Gallery #1"), an entity the identity of which is known to the United States Attorney, for auction and

sale.    On or about March 3, 2023, Gallery #1 received an email from a representative of Staprans stating that the work was fake and providing a signed statement from the artist himself to that effect.    After this email was sent, on or about March 11, 2023, Counterfeit Work #1 was sold to a buyer by Gallery #1 for approximately $60,000.



12.    In May 2023, the defendants ERWIN BANKOWSKI and KAROLINA BANKOWSKA consigned the Counterfeit Work depicted below that had purportedly been created by Andy Warhol ("Counterfeit Work #2") to an art dealer ("Dealer #2"), an individual whose identity is known to the United States Attorney, for auction and sale.    Counterfeit Work #2 was later sold to a buyer for approximately $5,500.

5



13.     In April 2024, the defendants ERWIN BANKOWSKI and KAROLINA

BANKOWSKA consigned the Counterfeit Work depicted below, a sculpture purportedly created

by Vietnamese artist Vu Cao Dam ("Counterfeit Work #3") to Dealer #2 for auction and sale.

Counterfeit Work #3 was later sold to a buyer for approximately $32,000.



14.     Similarly, in May 2024, the defendants ERWIN BANKOWSKI and

KAROLINA BANKOWSKA consigned the Counterfeit Work depicted below purportedly

6

painted by Banksy ("Counterfeit Work #4") to Dealer #1 for auction and sale. Counterfeit Work #4 was later sold to a buyer for approximately $2,000.



15. In June 2024, the defendants ERWIN BANKOWSKI and KAROLINA BANKOWSKA consigned the Counterfeit Work depicted below purportedly painted by artist Fritz Scholder ("Counterfeit Work #5"), who was an enrolled member of the Luiseno Tribe, to Dealer #1 for auction and sale. On or about August 1, 2024, Counterfeit Work #5 was sold to a buyer for approximately $28,160.



16.     In June 2025, the defendant ERWIN BANKOWSKI consigned the Counterfeit Work depicted below purportedly painted by Richard Mayhew ("Counterfeit Work #6") to an art auction house ("Auction House #1"), an entity the identity of which is known to the United States Attorney, for auction and sale.   In October 2025, Counterfeit Work #6 was sold to a buyer for approximately $160,000.



COUNT ONE
(Wire Fraud Conspiracy)

17.     The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

18.     In or about and between March 2020 and October 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ERWIN BANKOWSKI and KAROLINA BANKOWSKA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Buyers, and to obtain money and property from the Buyers by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in

8

interstate and foreign commerce one or more writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Misrepresentation of Indian Produced Goods and Products)

19.     In or about and between March 2020 and October 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ERWIN BANKOWSKI and KAROLINA BANKOWSKA did knowingly display and offer for sale and sold goods, with or without a government trademark, to wit: Counterfeit Works purportedly painted by the artist Fritz Scholder, including Counterfeit Work #5, in a manner that falsely suggested they were Indian produced, Indian products, and the products of a particular Indian or Indian tribe or Indian arts and crafts organization, resident within the United States, and the applicable goods were offered or displayed for sale at a total price of $1,000 or more.

(Title 18, United States Code, Sections 1159(a), 1159(b)(1)(A)(i), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

20.     The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

21.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)     cannot be located upon the exercise of due diligence;

    (b)     has been transferred or sold to, or deposited with, a third party;

    (c)     has been placed beyond the jurisdiction of the court;

    (d)     has been substantially diminished in value; or

    (e)     has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

By David Pitluck, Assistant U.S. Attorney
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK